IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BUCK JAMES EVANS, : | |
|       Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 13-1642 |
| : | |
| : | |
| COMMUNITY EDUCATION : | |
| CENTERS, INC., et al., : | |
|       Defendants. : | |

## MEMORANDUM OPINION

**RUFE, J.**                                                                                           September 11, 2015

Plaintiff Buck James Evans raises constitutional claims pursuant to 42 U.S.C. § 1983 and a state law false imprisonment claim arising from Defendants' alleged failure to release him from the George W. Hill Correctional Facility (the "Jail") when they knew or should have known that they no longer had authority to detain him. Defendant Community Education Centers, Inc. ("CEC") is a private corporation that operates the Jail under contract with the Delaware County Board of Prison Inspectors. Defendants Donna Mellon, Lieutenant Burke, Sergeant Moody, and James Mattera are staff members of the Jail. Presently before the Court is Defendants' motion for summary judgment.

### I.     FACTS

Except as noted, the relevant facts are undisputed. On September 10, 2012, Plaintiff was arrested in Upper Darby, Pennsylvania, and charged with two counts of aggravated assault, four counts of simple assault, two counts of making terroristic threats, two counts of reckless endangerment, and sixteen counts of criminal conspiracy. On September 12, 2012, Plaintiff was arraigned in the Magisterial District Court in Delaware County and because he was unable to

post bail, on September 18, 2012, the Magisterial District Court ordered that Plaintiff be committed to the Jail as a pretrial detainee (the "Commitment Order").[1] The Pennsylvania Board of Probation and Parole (the "Parole Board") subsequently lodged a detainer that also required the Jail to hold Plaintiff. The basis for the detainer is not in the record, but the parties do not dispute its validity.

The Magisterial District Court scheduled a preliminary hearing on the charges for September 28, 2012, which, after three continuances, was held on Friday, October 26, 2012. The Magisterial District Court dismissed all charges against Plaintiff at the hearing, at which he was represented by counsel. However, the parties have stipulated that the Magisterial District Court did not reduce its dismissal order to writing or provide the Jail with any written release order until Friday, November 2, 2012. On October 30, 2012, upon learning of the oral dismissal of the charges, Plaintiff's case manager at the Jail made telephone inquiries regarding the dismissal.[2]

The Parole Board rescinded its detainer on November 1, 2012.[3] On November 2, 2012, the Magisterial District Court faxed the Jail a written release order and Plaintiff was released the same day.

## II. STANDARD OF REVIEW

A court will award summary judgment on a claim or part of a claim where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of

---

[1] *See* Ex. B to Pl's Resp. at 2, 6.

[2] Ex. 1 to Defs' Resp.

[3] *See* Ex. D to Pl's Resp. The Parole Board's order is dated October 31, 2012, and states that it is effective upon receipt. CEC received the Parole Board order by fax on November 1, 2012. In Plaintiff's Response to Defendants' Motion for Summary Judgment, Plaintiff disputed the authenticity of this document, contending that the Parole Board rescinded the detainer on October 28, 2012 and that the fax had been altered. However, at oral argument held on the motion on June 17, 2015, Plaintiff conceded its validity.

law."[4] A fact is "material" if resolving the dispute over the fact "might affect the outcome of the suit under the governing [substantive] law."[5] A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[6] In the event that a party who will bear the burden of proof at trial "fails to make a showing sufficient to establish the existence of an element essential to that party's case," Rule 56 "mandates the entry of summary judgment" against that party.[7] The Parties conducted discovery and the Court has reviewed their submissions.

### III.  DISCUSSION

Plaintiff raises constitutional claims for violations of his Fourth and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983, a claim for failure to train also pursuant to 42 U.S.C. § 1983 and state law false imprisonment claims. Plaintiff alleges that Defendants failed to release him after they knew or should have known that his detention was no longer authorized by the Magisterial District Court or the Parole Board.

#### A.  Plaintiff's Claims Against CEC

Plaintiff first argues that the CEC violated his constitutional rights and falsely imprisoned him by failing to timely release him after being ordered to do so by the Magisterial District Court and the Parole Board. However, the undisputed facts establish that the Parole Board did not issue a written order rescinding the detainer Plaintiff until November 1, 2012 and the Magisterial District Court did not issue a written order to release Plaintiff until November 2, 2012.[8] Because

---

[4] Fed. R. Civ. P. 56(a).

[5] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[6] *Id.*

[7] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

[8] *See* Joint Stip. at 3.

only a court has authority to release individuals from prison,[9] CEC had no authority to release Plaintiff until notified in writing by both the Magisterial District Court and the Parole Board. CEC released Plaintiff the same day the Magisterial District Court sent the written order, the latter of the two discharge orders the CEC received for Plaintiff.

Although CEC was not authorized to release Plaintiff before November 2, 2012, Plaintiff nevertheless contends that CEC still should have released him earlier. Specifically, Plaintiff argues that CEC should have actively sought to verify that the charges had been dismissed and obtain a release order by consulting the Magisterial District Court docket or confirming that an oral release order had been entered at the hearing. In fact, CEC did seek to verify that the charges had been dismissed. Plaintiff's case manager at the Jail made telephone inquiries regarding the dismissal. Moreover, as long as CEC acted reasonably in requiring a written release order before releasing Plaintiff, it did not violate Plaintiff's rights. "[O]nly an unreasonable delay in a prisoner's release will result in the tort of false imprisonment" and "[o]nly such a delay will justify a finding of a constitutional violation under § 1983."[10] A reasonable time is one that

---

[9] *Lutz v. Lavelle*, 809 F. Supp. 323, 327 (M.D. Pa. 1991) ("authority…to release a party from prison…lies with the sole discretion of the Court").

[10] *Burgess v. Roth*, 387 F. Supp. 1155, 1161 (E.D. Pa. 1975). Although it does not appear that the Third Circuit has had occasion to adopt the reasonableness standard in assessing when a delay in releasing prisoners violates their constitutional rights, it accords with the decisions of other Circuits. *See Dry v. United States*, 235 F.3d 1249, 1259 (10th Cir. 2000) (a jailer "cannot be expected to assume the mantle of a magistrate" in determining the legality of a prisoner's detention and that any delay in the prisoner's release must be calculated from when the jailers had reasonable notice that the prisoner's detention was illegal."); *see also Martinez v. City of Los Angeles*, 141 F.3d 1373, 1380 (9th Cir. 1998) (holding that a jailer may be liable "if the jailer knows that the imprisonment is unlawful or there is some notice sufficient to put him, as a reasonable man, under a duty to investigate the validity of the incarceration") (internal quotations omitted); *Wood v. Worachek*, 618 F.2d 1225, 1231 (7th Cir. 1980) ("Generally, a jailer is liable for the illegal detention of an inmate when he unreasonably detains the inmate for arraignment or release, or possesses an affirmative knowledge of the illegality of the arrest.")

affords the jailer an opportunity "for the proper ascertainment of the authority upon which his prisoner is detained."[11]

The Court holds that based on the undisputed facts, it was reasonable for the Jail to hold Plaintiff until it received a written release order from the Magisterial District Court. In order to protect against the erroneous release of prisoners, it is generally reasonable for jailers to demand a written court order before releasing a prisoner,[12] especially when, as here, the prisoner has been charged with violent crimes and was serving a state parole sentence.

Plaintiff attempts to bolster his claim by arguing that two other Delaware County prisoners have filed suit alleging that the Delaware County Court system delayed transmitting written release orders to the Jail. He contends that these lawsuits show CEC need not solely rely on the Magisterial District Court to timely submit release orders. This suggestion is contrary to the stated legal requirement that binds CEC to release prisoners only on official written discharge orders. Thus, any alleged delays on the part of the Magisterial District Court cannot be evidence that CEC acted unreasonably in requiring a written release order. Although there might exist some set of circumstances under which it would be unreasonable for jailers to insist on a written order before releasing a prisoner, the facts of this case do not present such a circumstance. Because CEC did not unreasonably delay in releasing Plaintiff from jail, his state law false imprisonment claim will also be dismissed.[13]

Plaintiff also alleged that CEC is liable for failure to train under 42 U.S.C. § 1983. As Plaintiff has failed to sufficiently allege that CEC violated his constitutional rights, CEC cannot

---

[11] *Id.* (quoting *Whirl v. Kern*, 407 F.2d 781, 792 (5th Cir. 1968)).

[12] *Chavez v. County of Bernalillo*, 3 F. Supp. 3d 936, 999 (D.N.M. 2014).

[13] *Regan,* 363 F. App'x 363 F. App'x 917, 925 (3d Cir. 2010); *Burgess,* 387 F. Supp. at 1161.

be liable for failing to train Jail staff to prevent such a violation. The failure to train claim will therefore be dismissed.

### B. Plaintiff's Claims Against the Individual Defendants

Plaintiff originally asserted claims against the individual Defendants for violating his Fourth and Fourteenth Amendment rights, for false imprisonment under state law, as well as a claim against Defendant Mattera for failure to train. At oral argument, however, Plaintiff withdrew all claims against the individual Defendants. The Court therefore dismisses Plaintiff's claims against the individual Defendants as withdrawn.

### IV. CONCLUSION

For the reasons stated above, Defendants' motion for summary judgment will be granted and all claims will be dismissed with prejudice. It is regrettable that Plaintiff spent additional time in custody after the dismissal of the charges against him and the revocation of his parole. The loss of one's liberty is always a serious matter and any improved system that could shorten the period between the dismissal of charges, the lifting of the parole detainer and a prisoner's release would be beneficial. This Court, however, is limited to enforcement of Plaintiff's rights against the particular Defendants that he has chosen to sue, and cannot provide him with any relief in the absence of evidence sufficient to establish that these Defendants have infringed his rights.

An appropriate order follows.